## MORRIS PLAN BANK v. MALONEY et al.
### No. 16172.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1937.

Harold Moore, of New Orleans, for appellant.

F. A. Kullman, of New Orleans, for appellee.

McCALEB, Judge.

This is a suit on the promissory note of R. J. Maloney and Guy L. Deano, comakers, against whom judgment is sought in solido for the sum of $275 plus interest, attorneys' fees and costs.

There was judgment in the court below for the plaintiff, Morris Plan Bank, in liquidation, and against the defendants, as prayed for, and one of the defendants, Guy L. Deano, has taken a suspensive appeal from that judgment.

Deano has not favored us with a brief setting forth any alleged error committed by the district judge and when the case was called for oral argument, his counsel submitted the matter upon the record.

An examination of the transcript discloses that Deano filed an exception to the capacity of the plaintiff represented by Jasper S. Brock, State Bank Commissioner, acting through Lawrence J. Dumestre, his special agent, to bring the suit and also to the capacity of the Morris Plan Bank, in liquidation, to stand in judgment. This exception was overruled by the district judge and, we believe, correctly so. The Morris Plan Bank was placed in liquidation under the authority vested in the State Bank Commissioner by Act No. 300 of 1910 and that statute also gives to the State Bank Commissioner the authority to appoint special agents to assist him in liquidating the affairs of the bank (which includes the collection of its assets).

After the foregoing exception was overruled, Deano filed his answer, admitting the execution of the note, but setting forth that it was given without consideration. Neither he nor his attorney was present on the date the case was fixed for trial, and judgment was accordingly entered, after due proof of the claim being made by the plaintiff.

We fail to see any merit in Deano's appeal and are convinced that it was prosecuted for purposes of delay and is manifestly frivolous.

The judgment appealed from is therefore affirmed.

Affirmed.